# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| TRISHA R., | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:19-CV-443-JVB |
| | ) |
| ANDREW SAUL, Commissioner of the | ) |
| Social Security Administration, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Trisha R. seeks judicial review of the Social Security Commissioner's decision denying her claim for disability insurance benefits and supplemental security income and asks the Court to remand this case for further administrative proceedings. For the reasons given below, the Court affirms the decision of the Commissioner of Social Security.

## PROCEDURAL BACKGROUND

In her application for disability insurance benefits and supplemental security income, Plaintiff alleged that she became disabled on March 12, 2006. After a hearing on May 7, 2019, an Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of migraine headaches and major depressive disorder, recurrent moderate with anxious distress. (AR 16). The ALJ found that Plaintiff is unable to perform any past relevant work, but that jobs exist in significant numbers in the national economy that Plaintiff can perform, and therefore found Plaintiff not disabled since the application date. (AR 22-23). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to

conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ failed to properly account for her mental limitations in the RFC. The RFC is an assessment of what work-related activities the claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); see also 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) (citing *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003)).

2

Among other limitations, the ALJ found that Plaintiff could perform simple, routine work with "occasional interaction with co-workers and supervisors, but no interaction with the general public." (AR 18). The ALJ relied on the opinion of state agency psychiatrist Dr. B. Randal Horton, finding that other state agency opinions less favorable to Plaintiff were unpersuasive. (AR 21-22). Despite finding that Plaintiff was moderately limited in her ability to accept instructions and respond to criticism from supervisors (AR 176), Dr. Horton opined that Plaintiff could respond appropriately to brief supervision and interactions with co-workers. (AR 177).

Plaintiff argues that in addition to these "quantitative" limitations (addressing the length or frequency of the interactions), there should have been "qualitative" limitations, to address the types of interactions she would have. *See, e.g., Wartak v. Colvin*, No. 2:14-CV-401, 2016 WL 880945, at *7 (N.D. Ind. Mar. 8, 2016) ("'Occasional contact' goes to the quantity of time spent with the individuals, whereas 'superficial contact' goes to the quality of the interactions."). In support of this argument, Plaintiff points to several symptoms recorded by her therapist, including aggressive and violent behavior; a tendency to become "angry or annoyed quickly"; and "fluctuations in her mood and energy level," among others. *See* (AR 916-924).

The Court finds that the RFC was supported by substantial evidence and the ALJ adequately explained the reasons for the limitations. Although qualitative limitations are an option to account for a claimant's impairments, it does not follow that every impairment that affects interaction with others requires a qualitative limitation. Put another way, many people with mood and anger issues can still take occasional direction at work. Although the symptoms Plaintiff identifies could, in some circumstances, be addressed with qualitative limitations, Plaintiff points to no evidence in the record showing that those were necessary in this case, or that the ALJ's limitations were inadequate.

The ALJ adequately described the evidence and built a logical bridge to her conclusion. She discussed the treatment notes from Plaintiff's therapist, observing that while the notes documented Plaintiff's mood and anger issues, other evidence indicated that she was often cooperative, with appropriate mood and affect, and maintained relationships with others. (AR 18, 20-21). The ALJ relied on the opinion of Dr. Horton, in which he specifically stated that Plaintiff could accept "brief" supervision, despite her moderate limitations in accepting criticism from supervisors. (AR 176-177). That distinguishes this case from those cited by Plaintiff in which the medical opinions included limitations to "superficial" contact, but the ALJ omitted them from the RFC without explaining why. *See Hurley v. Berryhill*, 1:17-CV-0421, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018); *Wartak*, 2016 WL 880945 at *7; *Gidley v. Colvin*, 2:20-CV-374, 2013 WL 6909170, at *12 (N.D. Ind. Dec. 30, 2013).

While another ALJ may have viewed the evidence differently, the Court finds that the ALJ's decision was adequately supported by the record. Plaintiff "may disagree with the ALJ's decision not include a specific limitation … [but that] does not mean, however, that the ALJ failed to account for Plaintiff's limitations, nor does it mean her RFC determination is unsupported by substantial evidence." *Stephens v. Colvin*, 1:15-CV-43, 2016 WL 5389292, at *5 (N.D. Ind. Sept. 27, 2016).

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the relief requested in Plaintiff's Brief [DE 12], and **AFFIRMS** the decision of the Commissioner of Social Security.

SO ORDERED on February 10, 2021.

> s/ Joseph S. Van Bokkelen
> JOSEPH S. VAN BOKKELEN, JUDGE
> UNITED STATES DISTRICT COURT